J. H. Alsbrooks v. Commissioner.
J. H. Alsbrooks v. Commissioner
Docket No. 16449.
United States Tax Court
1949 Tax Ct. Memo LEXIS 249; 8 T.C.M. (CCH) 236; T.C.M. (RIA) 49044; March 7, 1949
J. H. Alsbrooks, pro se, for the petitioner. Homer F. Benson, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined a deficiency in income tax for the calendar year 1944 in the amount of $127 resulting from a disallowance of certain deductions of business expenses made by the petitioner in the determination of his adjusted gross income for that year. Findings of Fact Prior to March 3, 1943, the petitioner was regularly employed in Huntsville, Alabama, by Armour & Company, and he and his wife maintained a home there. The petitioner and his wife filed a joint return for 1944 with the collector of internal revenue for the district of Alabama. On March 3, 1943, the petitioner was inducted *250 into the United States Army. He was discharged from service July 2, 1943, with an understanding that he should consider himself subject to reinduction into military service at some later time by his draft board. Thereafter he was given a succession of draft deferments and was never reinducted into military service. Soon after separation from military service the petitioner accepted temporary employment with Armour & Company as a relief employee in Birmingham, Alabama. After about two weeks he was sent to Montgomery, Alabama. He remained there for about two weeks, after which he was sent to Anniston, Alabama, to relieve an Armour & Company cashier who was ill. About two weeks after the petitioner's arrival in Anniston the cashier died and the petitioner took over the duties of the position on an indefinite basis. There was no trained employee available to replace him at that time. Due to crowded wartime conditions in Anniston the petitioner was unable to find family living quarters there. He secured a room for himself, eating all his meals in restaurants. His wife did not live in Anniston during his stay there. The petitioner remained in Anniston for the remainder of 1943 and *251 for the first several months in 1944. He then returned to Birmingham to take another position with Armour & Company there. During his stay in Anniston the petitioner incurred substantial expenses for room rent and meals. Armour & Company did not reimburse him for these expenses. Previously the company had reimbursed him for living expenses while serving for short periods in other cities. In making their income tax return for 1944 the petitioner and his wife elected to file a short-form return, claiming the standard deduction. They also claimed as adjustments to gross income deductions of $615, consisting of $195 for room rent and $420 for meals and tips expended by the petitioner while in Anniston. These deductions were disallowed by the respondent on the ground that they were personal living expenses and not business expenses. Opinion LEMIRE, Judge: The petitioner contends that he is entitled to the deductions claimed as expenses of meals and lodging while away from home in connection with the performance by him of services as an employee of Armour & Company. Section 22 (n) (2) of the Internal Revenue Code provides that expenses of travel, meals and lodging *252 while away from home paid or incurred by the taxpayer in connection with the performance by him of services as an employee are deductible as adjustments to gross income. On the other hand, section 24 (a) (1) of the Code provides that no deduction may be allowed for personal, living, or ordinary family expenses. The petitioner was a full-time employee of Armour & Company and was not engaged in a trade or business of his own. To meet the tests laid down by the Supreme Court in Commissioner v. Flowers, 326 U.S. 465, for measuring deductible traveling and business expenses, the expenses must be reasonable and necessary traveling expenses, must be incurred away from home, and must have some direct connection with the performance of the employee's duties. On the evidence we cannot find that the petitioner was away from home while employed in Anniston. The evidence is that Anniston was for a time his regular place of business. Armour & Company had paid the petitioner's expenses while he was temporarily located in other cities but did not do so while he was in Anniston. While the petitioner was sent to Anniston as a relief employee, the man he relieved died shortly after his *253 arrival and the petitioner took over the duties of his position on a permanent basis. Living expenses incurred by an employee at his regular place of employment in a city distant from his permanent home and family which have no direct relation to his employer's business are his personal living expenses and are not deductible. York v. Commissioner, 160 Fed. (2d) 385; William W. Todd, 10 T.C. 655. "A man's living expenses while he is carrying on his business at his regular place of business are personal and not business expenses." Commissioner v. Flowers, supra.Such, we think, were the petitioner's living expenses while in Anniston. On the evidence we must sustain the respondent's disallowance of the claimed deductions. Decision will be entered for the respondent.